PER CURIAM.
This cause is here for review of the record reflecting unprofessional conduct on the part of the respondent by violating Rule 11.02(3) (a) and 11.02(4) of Article XI of the Integration Rule, 31 F.S.A., and Canons of Ethics numbered 1, 11, 12, 13, 14, 29, 30 and 32, 31 F.S.A., and additional rules numbered 1, 2, 27 and 30 Governing the Conduct of Attorneys, 31 F.S.A.
The referee recommended that the respondent “be suspended from the practice of law for the period of ninety (90) days” and “be required to * * * complete a course of study on legal ethics approved by the Supreme Court” failing which the suspension should become permanent. The referee further recommended that costs in the amount of $299.72 be assessed against the respondent.
The Board of Governors of The Florida Bar agreed in the main with the recommendations of the .referee but concluded that the respondent should be disbarred and should pay costs of the proceedings in the then sum of $550.62.
Among the referee’s observations was one that he had a “distinct impression * * that [the respondent] was not guilty of •wilful wrongdoing” which placed him “in the posture of more a fool than a knave.”
The thought that the respondent was not conscious of misconduct was also expressed by the attorney for The Florida Bar in his presentation to this court.
After careful study of the record this court has the view that the respondent should be suspended from the practice of law for a period of two years and thereafter until he shall have paid the costs then accrued and shall have convinced this court and the Board of Governors of The Florida Bar that he is fully rehabilitated and worthy of re-instatement as a member of The Florida Bar.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, CALDWELL and ERVIN, JJ., concur.
THORNAL and O’CONNELL, JJ., dissent.